

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 5 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

       v.

TOMM LUU,

        Defendant.

Case No. CR 20-109-DOC

ORDER OF DETENTION

I.

On September 15, 2020, Defendant made his initial appearance on the indictment filed in this matter. Edward Robinson, a member of the indigent defense panel, was appointed to represent Defendant.

Defendant submitted on the Pretrial Services Officer's recommendation of detention.

☒     On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒     On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

  ☒  background information is unverified

  ☒  no bail resources

  ☒  ongoing substance abuse

  ☒  Unrebutted Presumption.

As to danger to the community:

  ☒  Allegations in the indictment

  ☒  Criminal history includes felony convictions for drug related offenses

  ☒  ongoing substance abuse

  ☒  Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

Dated: September 15, 2020

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE